## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

GIOVANNI SALAZAR,

       Plaintiff,

vs.                                                                      No. CIV 23-0329 JB/SCY

BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OFBERNALILLO;
JASON JONES, Chief at Metropolitan
Detention Center; SERGIO SAPIEN, Assistant
Chief at Metropolitan Center, and YES CARE,
Medical Providers at Metropolitan Detention
Center,

       Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court following the Plaintiff's failure to prosecute his

civil rights case.   Plaintiff Giovanni Salazar commenced this case on April 17, 2023, by filing his

Letter from Giovanni Salazar to United States Court Clerk, filed April 17, 2023 (Doc. 1)("Letter"),

indicating he wished to file a 42 U.S.C. § 1983 civil rights complaint, see Letter at 1.   On April

17, 2023, the Clerk's Office sent Plaintiff a blank § 1983 complaint and motion to proceed in forma

pauperis.   The Honorable Steven Yarbrough, United States Magistrate Judge for the United States

District Court for the District of New Mexico, entered an Order to Cure Deficiencies, filed October

23, 2023 (Doc. 3)("Cure Order"), requiring Salazar to return the completed complaint and address

the filing fee by November 22, 2023, see Cure Order at 1.   Salazar has not responded to the Cure

Order and the deadline has now passed.   Having reviewed the applicable law and the record, the

Court will dismiss this case without prejudice and will enter a separate Final Judgement.

## BACKGROUND

Salazar commenced this case on April 17, 2023, by filing a letter indicating he wished to file a 42 U.S.C. § 1983 civil rights complaint.   See Letter at 1.   On the same day, the Clerk's Office sent Salazar a blank § 1983 complaint and motion to proceed in forma pauperis.   The Court referred the matter to Magistrate Judge Yarbrough for recommended findings and disposition, and to enter non-dispositive orders.   See Order of Reference Relating to Prisoner Cases, entered April 18, 2023 (Doc. 2).

Magistrate Judge Yarbrough entered the Cure Order on October 23, 2023, setting a thirty-day deadline by which Salazar must return the completed complaint and prepay the filing fee, or file an application to proceed in forma pauperis.   See Cure Order (Doc. 3).   Salazar has not complied with or otherwise responded to the Cure Order, and the deadline within which he must respond has now passed.   The Court therefore will consider whether to dismiss this matter for lack of prosecution and failure to comply with rules and orders.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order."   Fed. R. Civ. P. 41(b).   See also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("'A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.'" (quoting Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002)).   As the United States Court of Appeals for the Tenth Circuit explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern

litigation. . . ." <u>Rogers v. Andrus Transp. Servs.</u>, 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions <u>sua sponte</u> for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court orders." <u>Olsen v. Mapes</u>, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice." <u>Davis v. Miller</u>, 571 F.3d 1058, 1061 (10th Cir. 2009).   If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." <u>Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center</u>, 492 F.3d 1158, 1162 (10th Cir. 2016)("<u>Nasious</u>").   Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria." <u>Nasious</u>, 492 F.3d at 1162.   Those criteria include: "'the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions.'" <u>Nasious</u>, 492 F.3d at 1162 (quoting <u>Olsen v. Mapes</u>, 333 F.3d at 1204).

Here, Salazar has not filed a complaint or addressed the filing fee.   In light of this failure, the Court dismisses this case pursuant to rule 41(b) for failure to prosecute.   <u>See Olsen v. Mapes</u>, 333 F.3d at 1204.   After considering the factors in <u>Nasious</u>, the dismissal will be without prejudice.

**IT IS ORDERED** that: (i) the Plaintiff's civil rights case, commenced by the Letter from

Giovanni Salazar to United States Court Clerk, filed April 17, 2023 (Doc. 1), is dismissed without prejudice; and (ii) the Court will enter a separate Final Judgment disposing of this civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Giovanni Salazar
Albuquerque, New Mexico

 *Plaintiff pro se*